UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RENZER BELL,

       Plaintiff,

v.                                  CASE NO. 3:15-cv-693-J-34JBT

CHERI JOHNSON, AIGNE MARTIN,
JANE DOE, and JOHN DOE,

       Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

**THIS CAUSE** is before the Court on Defendant Christina Martin's (incorrectly named as Aigne Martin) Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss ("Motion to Dismiss") (Doc. 23), which was referred to the undersigned for a report and recommendation regarding an appropriate resolution (Doc. 33), and Plaintiff's Notice of Cross-Motion and Affidavit in Opposition to Motion, and in Support of Cross-Motion for Leave to Serve, and File an Amended Complaint, and to Substitute Christina as a Defendant

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

in Lieu of "Aigne Martin" ("Motion to Amend") (Docs. 38 & 39).[2]  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and that the claims against Defendant Martin in the Complaint be **DISMISSED with prejudice**.   Furthermore, the undersigned **RECOMMENDS** that the Motion to Amend be **DENIED** on the grounds of futility and bad faith.  The undersigned also **RECOMMENDS** that Plaintiff be directed to **SHOW CAUSE** why the claims against the remaining Defendants should not also be **DISMISSED with prejudice**.

## I.   Background and Allegations of the Complaint and the Proposed Amended Complaint

This is pro se Plaintiff's third federal lawsuit arising from a trespass warning he received in 2011 to stay off the campus of Raines High School ("Raines") in Jacksonville.  *See Bell v. Wiley*, Case No. 3:11-cv-1187-J-34JRK, *Bell v. Wiley*, Case No. 3:13-cv-471-J-39JBT.[3]  The first case was dismissed without prejudice

---

[2] The undersigned has considered Plaintiff's request for oral argument on these motions and recommends that it is not necessary.  (Doc. 39 at 5.)

[3] Plaintiff also has a pending case involving his termination as a member of the Raines athletic booster club.  *See Bell v. Chambliss*, Case No. 3:13-cv-479-J-34JBT.  He has also filed numerous federal cases in other districts.  *See, e.g.*, *Bell v. United Auto Grp., Inc.*, Case No. 05-2262 (NLH), 2007 WL 2892940, at *5 n.6 (D.N.J. Sept. 28, 2007) ("Plaintiff is a frequent litigant who faced several dismissals and sanctions for improper conduct in the course of litigation."); *Bell v. S. Bay European Corp.*, 486 F. Supp. 257, 261 (S.D.N.Y. 2007) (citing Plaintiff's eleven cases in that district, and his cases in three other districts); *Bell v. Penske Auto. Grp., Inc.*, Case No. 2:08-cv-13241, 2009 WL 890725, at *5 (E.D. Mich. Mar. 31, 2009) (noting that Plaintiff "has filed more than a dozen different lawsuits in federal courts in New York, Florida, and in this court").  In one case, a court found that he "has proceeded in bad faith," that he "appears to think that litigation is a game," and that he is "more of a professional litigant than he is a professional car trader."  *Penske Auto. Grp.*, 2009 WL 890725, at *5, 9.

because of Plaintiff's failure to prosecute.  (*See* Doc. 21 in Case No. 3:11-cv-1187-J-34JRK.)  The federal claims in the second case, against personnel of Raines and of the Duval County School Board ("DCSB") and the DCSB itself, were dismissed with prejudice by District Judge Brian J. Davis ("Prior Action").  (*See* Doc. 78 in Case No. 3:13-cv-471-J-39JBT.)  The present case is against two parents of Raines football players, each of whom wrote a letter that Plaintiff alleges was a basis for sustaining the trespass warning against his challenge to it.[4]  (Doc. 1 at 11.)

Although Plaintiff's Complaint is lengthy, and many allegations are largely if not entirely irrelevant,[5] the gravamen of the Complaint is that Plaintiff was wrongfully accused by Raines personnel of being a sports agent and consequently barred from the Raines campus.  (*See* Doc. 1.)  He alleges that Defendants, parents of Raines football players, wrote letters that were used to sustain his wrongful prohibition from the Raines campus.  (*See id.*)  In essence, the letters express the parents' uneasiness in Plaintiff's contacts with their sons.  (*See* Docs. 1-3 & 1-4.)  Plaintiff does not allege that he is a parent of any Raines student.  His connection is that of an alumnus and supporter.  (Doc. 1 at 2.)  Plaintiff attempts

---

[4] Plaintiff makes no plausible allegations against the purported Doe Defendants.

[5] For example, the Complaint goes on at undue length regarding Plaintiff's support of Raines, and setting forth allegations against personnel of Raines.  (Doc. 1 at 2–5.) Such allegations appear to have been lifted substantially if not verbatim from complaints in the prior cases.  (*See* Doc. 1 in Case No. 3:13-cv-471-J-39JBT; Doc. 1 in Case No. 3:11-cv-1187-J-34JRK.)  The proposed Amended Complaint is similarly deficient.  Neither complies with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint be a "short and plain statement of the claim showing that the pleader is entitled to relief."

to allege apparent due process and equal protection claims against Defendants based on 42 U.S.C. §§ 1983 and 1985, even though Defendants are private citizens.  He alleges no racial or other class-based discrimination in the Complaint.

In partial Response to the Motion to Dismiss, Plaintiff filed the Motion to Amend, and attached a proposed Amended Complaint.[6]  The proposed Amended Complaint, which largely relies on the same basic allegations in the Complaint, alleges three violations of section 1985 and one violation of 42 U.S.C. § 1981, all based on racial discrimination.  In support of these claims, Plaintiff alleges in entirely conclusory terms that he, an African American, was treated differently than white visitors to the Raines campus, including alleged comparators Carol Gallagher and Mark DeBiase.  (*See* Doc. 39-7.)  In substance, the proposed Amended Complaint alleges that Defendants, two mothers of Raines football players, each of whose race is unidentified, engaged in a wide conspiracy with various Raines and DCSB personnel, whose races are also unidentified, to ban Plaintiff from the Raines campus because he is African American.  The undersigned recommends that this conclusory, unsupported allegation is implausible.

The Prior Action alleged both state and federal claims.  The federal claims, brought pursuant to section 1983, were dismissed with prejudice, and the state

---

[6] The undersigned notes Plaintiff's consistent practice of seeking to amend his operative complaint apparently to avoid any substantive rulings on a motion to dismiss. (*See* Docs. 154 & 180 in Case No. 3:13-cv-479-J-34JBT.)

claims were dismissed without prejudice to Plaintiff refiling them in state court. (Doc. 78 at 12 in Case No. 3:13-cv-471-J-39JBT.)  That case also concerned the no trespass warning.  Similar to this case, Plaintiff alleged in part that certain letters/emails written or forwarded by certain Defendants in that case (a Raines football coach, the athletic director, and the principal), and used to sustain the trespass warning, violated his constitutional rights.  (*See* Doc. 62 in Case No. 3:13-cv-471-J-39JBT.)   Judge Davis held that no federal constitutional rights were implicated in that case because Plaintiff had no constitutional right to access the Raines campus.  (Doc. 78 in Case No. 3:13-cv-471-J-39JBT.)

## II.     Standard

### A.     Motion to Dismiss

Under Rule 12(b)(6), the Court must determine whether the complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted.  In evaluating whether a plaintiff has stated a claim, the Court must determine whether the complaint satisfies Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.  Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557).  Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260.  Although a court must accept well-pled facts as true, it is not required to accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted).  "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.*  (internal citation and quotations omitted); *see also Iqbal*,

556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim.  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### B.    Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires."  The Supreme Court has stated that "this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Supreme Court further stated:

> In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*  "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal."  *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982

(11th Cir. 2012) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).[7]

## III.   Analysis

### A.   Motion to Dismiss

The undersigned recommends that Plaintiff has not alleged any viable constitutional claim under either section 1983 or section 1985 in the Complaint. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Nowhere in the Complaint does Plaintiff allege that the Defendants acted under color of state law. Although Plaintiff makes conclusory allegations that Defendants somehow deprived him of equal protection and due process, there is no factual support for such allegations. Moreover, as discussed in the next section, Plaintiff cannot state a claim for violation of any constitutional right.

Regarding Plaintiff's section 1985(3) claim:

> The elements of a cause of action under section 1985(3)
> are "(1) a conspiracy; (2) for the purpose of depriving,
> either directly or indirectly, any person or class of persons
> of the equal protection of the laws, or of equal privileges
> and immunities under the laws; and (3) an act in

---

[7] Although the undersigned does not rely on unpublished opinions as binding precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

> furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."
>
> More specifically, the second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

*Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627–28 (11th Cir. 1992) (citations omitted).

"For a § 1985(3) cause of action, the conduct of the defendants must have violated some law which protects the plaintiff apart from § 1985(3) itself.  Put more simply, there can only be a deprivation of the rights of a plaintiff when the action of the defendants is otherwise illegal."  *Lee v. Christian*, 98 F. Supp. 3d 1265, 1274 (S.D. Ga. 2015) (citations omitted).

Although Plaintiff's failure to allege state action on the part of Defendants is not fatal to his section 1985 claim, he has not alleged any type of racial or other class-based discrimination in the Complaint.[8]  Moreover, since Plaintiff's section 1983 claim fails, he has failed to allege any violation of a law separate from section 1985 in the Complaint.  Therefore, the undersigned recommends that Plaintiff has failed to allege any viable claim in the Complaint.

---

[8] Plaintiff omits from the Complaint any reference to his race or that of any of the Defendants.

9

### B.   Motion to Amend

### 1.   Failure to State a Claim

Because the proposed Amended Complaint is also subject to dismissal, the undersigned recommends that the Motion to Amend be denied on the ground of futility.   *See Patel*, 485 F. App'x at 982 ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal."). The undersigned recommends that Plaintiff has not alleged any viable claim under either section 1981 or section 1985 in the proposed Amended Complaint.

Regarding section 1981, the Eleventh Circuit has stated:

> To state a claim of race discrimination under § 1981, plaintiffs must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute [e.g., to make and enforce contracts] . . . .
>
> When comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides race, since [d]ifferent treatment of *dissimilarly* situated persons does not violate civil rights laws.

*Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270, 1273–74 (11th Cir. 2004).   *See also* 42 U.S.C. § 1981(a).

The proposed Amended Complaint lacks any sufficient, non-conclusory allegations that Defendants intended to discriminate on the basis of race.   Notably, Plaintiff conspicuously omits from the proposed Amended Complaint any mention

of the race of either Defendant or the alleged co-conspirators.[9]  Plaintiff identifies Ms. Gallagher and Mr. DeBiase as allegedly similarly situated individuals because they were "white visitors to [Raines]."  (Doc. 39-7 at 17, 20, 22, 23.)  However, Plaintiff does not allege that Ms. Gallagher or Mr. DeBiase were similar to Plaintiff "in all relevant respects besides race" as required to "raise an inference of discriminatory motivation."  *See Jackson*, 372 F.3d at 1273–74.  For example, there are no allegations that either Ms. Gallagher or Mr. DeBiase was accused of being a sports agent, or was accused of any wrongdoing at all.  Plaintiff has alleged only that Ms. Gallagher and Mr. DeBiase visited the Raines campus.  In short, Plaintiff's allegations of discrimination are implausible, and are apparently included only in an attempt to manufacture federal jurisdiction.[10]  Thus, the undersigned recommends that Plaintiff fails to state a claim under 42 U.S.C. § 1981.

In light of the standard set forth above for section 1985 claims, Plaintiff's alleged section 1985 claims also fail because Plaintiff has not plausibly alleged

---

[9] Even recognizing that racial discrimination within the ambit of section 1981 may occur among members of the same race, the racial composition of Defendants is a pertinent fact.  *See, e.g.*, *Holston v. Sports Auth., Inc.*, 136 F. Supp. 2d 1319, 1335 (N.D. Ga. 2000) ("As the Eleventh Circuit has noted, when the decision makers are in the same protected class as the employee complaining about an adverse employment decision, the employee faces a more difficult burden in establishing that a discriminatory animus played a role in the decision complained about.") (citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991)).

[10] Notably, the court in *Penske Automotive Group* recognized a similar apparent attempt by Plaintiff to manufacture federal diversity jurisdiction, stating: "Bell believes that he is at liberty to adjust alleged facts to suit his claims (e.g., claiming an amount in controversy of $150,000 after a court dismissed the same claim due to his failure to prove that $75,000.01 was in controversy)."  2009 WL 890725, at *9.

any class-based discrimination. Moreover, since Plaintiff's section 1981 claim fails, he has failed to allege any violation of a law separate from section 1985. Therefore, the undersigned recommends that Plaintiff has failed to allege any viable claim in the proposed Amended Complaint.

### 2.    No Constitutional Right

Moreover, all of Plaintiff's claims, both in the Complaint and the proposed Amended Complaint, assume that Plaintiff has some constitutional right to enter the Raines campus. However, as evidenced by Judge Davis's holding in the Prior Action, there is no constitutional right to access a school campus.

The undersigned recommends that the law fully supports the holding that there is no constitutional right of access to school grounds. As the Eleventh Circuit stated in *Porter v. Duval County School Board*: "While parents have a general due process right to direct their children's education without unreasonable interference by the states, Porter has provided no legal support for the proposition that this right includes the right to access school premises." 406 F. App'x 460, 462 (11th Cir. 2010). Judge Davis cited multiple other cases throughout the country with the same holding. (*See* Doc. 78 at 6–8 in Case No. 3:13-cv-471-J-39JBT (collecting cases).) Thus, even parents have no right to access school property, much less an alumnus like Plaintiff. For this additional reason, any further attempts to amend would be futile.

### 3.    Collateral Estoppel

Additionally, the undersigned recommends that Plaintiff is collaterally

estopped from relitigating whether he has a constitutional right to access the

Raines campus.  Regarding collateral estoppel, the Eleventh Circuit has stated:

> Collateral estoppel, unlike res judicata, is not limited to parties and their privies.  A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff. . . .
>
> There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.  In addition, the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986).

The necessary prerequisites to the application of defensive collateral

estoppel are present in this case.  First, the pertinent issue at stake in this case,

*i.e.*, whether Plaintiff has any constitutional right to access the Raines campus, is

identical to the issue Judge Davis adversely decided against Plaintiff in the Prior

Action.  Judge Davis squarely held that Plaintiff "has no constitutional right to

access to the Raines campus."  (Doc. 78 at 8 in Case No. 3:13-cv-471-J-39JBT.)

Plaintiff attempted to allege First Amendment and equal protection based claims

in the Prior Action, and he makes conclusory references to due process in the

Complaint.  Additionally, regardless how Plaintiff labels his claims in the proposed

Amended Complaint, they are all still based on his banishment from the Raines

campus.[11]  Judge Davis clearly decided that Plaintiff has no constitutional right to access the Raines campus.[12]  Therefore, the first prong is satisfied.

Second, the issue of Plaintiff's alleged constitutional right to access the Raines campus was actually litigated in the prior action.[13]  Third, the determination that Plaintiff had no constitutional right to access the Raines campus was a "critical and necessary part of the judgment" in the Prior Action.  (Docs. 78 & 79 in Case No. 3:13-cv-471-J-39JBT.)  Finally, Plaintiff had a full and fair opportunity to litigate this issue in the Prior Action.[14]  Therefore, the undersigned recommends that Plaintiff is collaterally estopped from relitigating the critical issue of whether he has any federal constitutional right of access to the Raines campus.  Since he has no such right, he cannot state any federal constitutional claim against Defendants based on the trespass warning.

### 4.    Bad Faith

Finally, the undersigned recommends that, particularly in light of Plaintiff's litigation history in federal court, Plaintiff's allegations of discrimination are so

---

[11] In the proposed Amended Complaint, Plaintiff makes reference to the "equal right to contract," the "right to procedural due process," and the Eighth Amendment.  (Doc. 39-7 at 18–22.)

[12] Judge Davis cited multiple supporting cases involving various alleged constitutional rights.  (*See* Doc. 78 at 6–8 in Case No. 3:13-cv-471-J-39JBT.)

[13] Plaintiff appealed the dismissal of his federal claims but the appeal was dismissed for lack of prosecution.  (Docs. 80 & 82 in Case No. 3:13-cv-471-J-39JBT.)

[14] Notably, Plaintiff retained counsel in the Prior Action, and counsel filed the response to the motion to dismiss that was granted.  (*See* Doc. 69 in Case No. 3:13-cv-471-J-39JBT.)

forced that leave to amend should be denied on the additional ground of bad faith.[15]  It appears that Plaintiff, consistent with his litigation history, has sought to manufacture federal jurisdiction. *See* fns. 3 & 10 *supra*.  Additionally, at least some of the allegations in the Complaint and the proposed Amended Complaint appear misleading.  For example, both allege that George Maxey, a former principal of Raines, was charged with making a false statement to police.  (Doc. 1 at 11; Doc. 39-7 at 13.)   Although Mr. Maxey was so charged, and the charge was later dismissed, the clear implication of these allegations is that this charge had something to do with Plaintiff's trespass warning.  It did not, as evidenced by the Order Granting Defendant's Motion to Dismiss in the State criminal prosecution in the County Court of the Fourth Judicial Circuit, in and for Duval County, *State v. Maxey*, Case No. 2012-MM-001049, of which the undersigned takes judicial notice.  *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in [another case], which were public records that were 'not subject to reasonable dispute.'").  For the independent reasons of futility and bad faith, the undersigned recommends that the Motion to Amend be denied.

---

[15] *See, e.g.*, *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."); *Symonette v. Aurora Loan Servs., LLC*, Case No. 1:13-cv-24142-PCH, 2014 WL 11380946, at *1 (S.D. Fla. June 30, 2014) ("In view of Plaintiffs' history of abusive litigation tactics, the apparent lack of validity to any of Plaintiffs' claims and the interest of justice the Court finds that granting Plaintiffs leave to amend is not justified.").

### C.    Remaining Defendants

The same basis for the recommendation of dismissal of the claims against Defendant Martin appears to apply to Defendant Cheri Johnson and any purported Doe Defendants.  For this reason, the undersigned recommends that Plaintiff be directed to show cause why the claims against the remaining Defendants should also not be dismissed with prejudice.  *See Tazo v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) ("A district court can only dismiss an action on its own motion as long as the procedure employed is fair.  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond.") (citations and quotations omitted).

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Motion to Dismiss (**Doc. 23**) be **GRANTED** and the claims against Defendant Martin in the Complaint be **DISMISSED with prejudice**.

2.    The Motion to Amend (**Docs. 38 & 39**) be **DENIED**.

3.    Plaintiff be directed to **SHOW CAUSE** in writing why the claims against the remaining Defendants should not be **DISMISSED with prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on September 14, 2016.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Parties

Counsel of Record